UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION,<br>2100 M Street N.W., Suite 170-247<br>Washington, D.C. 20037,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JEFFREY ZIENTS, AS ACTING DIRECTOR<br>OF THE OFFICE OF MANAGEMENT AND<br>BUDGET, AND THE U.S. OFFICE OF<br>MANAGEMENT AND BUDGET,<br>725 17th Street N.W.<br>Washington, D.C. 20503,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case: 1:12-cv-00379<br>) Assigned To : Huvelle, Ellen S.<br>) Assign. Date : 3/9/2012<br>) Description: FOIA/PRIVACY ACT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Cause of Action brings this action against Defendants Jeffrey Zients (in his capacity as Acting Director of the United States Office of Management and Budget) and the United States Office of Management and Budget to compel compliance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 552 (a)(4)(B), and 5 U.S.C. § 552(a)(6)(E)(iii).

2. This Court has the authority to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3. This court has the authority to award costs and attorney's fees under 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

4.  Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e), because the Defendants reside in this district and a substantial part of the events and omissions which gave rise to this action occurred in this district. Venue is also proper under 5 U.S.C. § 552 (a)(4)(B).

## PARTIES

5.  Cause of Action (formerly "Freedom Through Justice Foundation") is nonpartisan, nonprofit organization that uses public advocacy and legal reform strategies to ensure greater transparency in government and protect taxpayer interests and economic freedom. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal government agencies, entities, and offices, and disseminates its findings to the public.

6.  Defendant Jeffrey Zients is the Acting Director of the Office of Management and Budget, and is sued solely in his official capacity.

7.  Defendant United States Office of Management and Budget is an agency of the Executive Office of the President of the United States. The Office is located at 725 17th Street, N.W., Washington, D.C. 20503, and its statutory mission is set forth in 31 U.S.C. §§ 501, *et seq*. The Office of Management and Budget is responsible for setting policies and issuing directives regarding federal expenditures. Defendant Office of Management and Budget and Defendant Jeffrey Zients will be referred to collectively in this complaint as "OMB." OMB is an agency of the United States as defined by 5 U.S.C. § 552(f)(1), and is charged with the duty to provide public access to documents in its possession consistent with the requirements of FOIA. OMB has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

8.  The current U.S. House of Representatives, as well as the Senate, have embraced moratoriums on earmarks. Executive Order No. 13457 requires that communications from Members of Congress to the agencies regarding federal expenditures be made publicly available. This order affects use of administrative earmarks, where Members of Congress procure funds through direct or indirect influence on executive-branch agencies.

9.  The allocation of taxpayer monies through opaque means, especially means violative of an Executive Order, is a current and continuing matter of public concern.

10. On September 9th, 2011, Plaintiff, as Freedom Through Justice Foundation, sent a Freedom of Information Act ("FOIA") request to OMB requesting that the following documents be provided:

> 1. All documents referring or relating to communications to or from Members, Officers or staff of the Congress which contain recommendations that funds should be committed, obligated, or expended on any earmark from January 2009 to the present.
>
> 2. Documents identifying which of the aforementioned communications to the agencies regarding federal expenditures have not been made publicly available.
>
> 3. All documents referring or relating to efforts taken by the Administration to ensure compliance with E.O. 13457 from January 2009 to the present, including, but not limited to:
>
>> a. The names and titles of all officials within the Executive Office of the President and the Office of Management and Budget responsible for ensuring and monitoring federal agency compliance with E.O. 13457;

      b. All communications to federal agencies explaining the requirements of E.O. 13457; and,

      c. All steps taken to monitor compliance by federal agencies.

A true and accurate copy of Plaintiff's FOIA request is attached to this complaint as Exhibit 1.

11. Pursuant to 5 U.S.C. § 552(a)(6)(A), OMB was required to respond to Plaintiff's FOIA request within twenty (20) working days, or by October 7, 2011.

12. OMB issued a letter, dated September 13, 2011, acknowledging receipt of Plaintiff's FOIA request, assigning the request identification number 11-178, and stating that OMB received Plaintiff's FOIA request on September 9, 2011. A true and accurate copy of OMB's acknowledgment letter is attached to this complaint as Exhibit 2.

13. OMB sent a letter dated October 6, 2011 requesting an extension of "up to ten working days." A true and accurate copy of this letter is attached to this complaint as Exhibit 3.

14. On December 9, 2011, upon information and belief, Plaintiff followed up by telephone to request information on the status of the FOIA request. OMB provided no such information.

15. As of January 11, 2012, OMB has not provided a response to Plaintiff's FOIA request. It has now been well over the twenty (20) day statutory time limit for OMB to produce documents responsive to Plaintiff's FOIA request, even accounting for OMB's requested extension of time.

16. OMB has no legal basis for failing to provide Plaintiff with a full and complete response to its FOIA request.

17. OMB's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. OMB's conduct frustrates Plaintiff's efforts to educate the public regarding ongoing activities at OMB and is a violation of the FOIA.

18.     Plaintiff is unable to file an administrative appeal of its FOIA request, as OMB has not denied any specific material.

19.     Plaintiff has thus fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) for its FOIA request, and now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

20.     Plaintiff seeks a court order requiring OMB to produce immediately the documents sought in the September 9, 2011 FOIA request to OMB, as well as other appropriate relief.

## CAUSES OF ACTION

### Count I: Violation of the Freedom of Information Act

21.     Plaintiff repeats the allegations in paragraphs 1 through 20.

22.     The OMB's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder.

23.     Plaintiff is irreparably harmed by OMB's unlawful withholding of the requested records, and Plaintiff will continue to be irreparably harmed unless OMB is compelled to conform its conduct to the requirements of the law.

### Count II: Violation of the Administrative Procedure Act

24.     Plaintiff repeats the allegations in paragraphs 1 through 20.

25.     The OMB's failure to disclose documents responsive to Plaintiff's request constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 500 *et seq.*. Their failure in this matter is arbitrary, capricious, an abuse of discretion, not in accordance with the law and without observance of procedure required by law, all in violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this court:

i. Enter an Order:

    a. declaring that OMB has wrongfully withheld the requested agency records;

    b. directing OMB to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; and

    c. directing OMB to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption;

ii. Issue a permanent injunction directing OMB to disclose to the Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until both OMB is in compliance with FOIA, APA and every other order of this Court;

iv. Enter an Order declaring that Plaintiff is entitled to a full fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii) for Plaintiff's FOIA request to the extent that OMB does not provide a full fee waiver for Plaintiff's request;

v. Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

vi. Grant such additional and further relief to which Plaintiff may be entitled.

Dated: March 7, 2012

                                      Respectfully submitted,

                                      CAUSE OF ACTION

                                      _____

                                      Amber D. Taylor
                                      Counsel for Plaintiff
                                      DC Bar No. 974286
                                      2100 M Street N.W., Suite 170-247
                                      Washington, D.C. 20037
                                      202-507-5880